[Cite as *State v. Johnson*, 2016-Ohio-5611.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CARL E. JOHNSON, JR. | : | Case No. 15-CA-114 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:
Appeal from the Court of Common Pleas, Case No. 2015CR0585


JUDGMENT:
Affirmed


DATE OF JUDGMENT:
August 26, 2016


APPEARANCES:

For Plaintiff-Appellee

DANIEL M. ROGERS
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

JOHN A. BOYD
1 Marion Avenue
Suite 215
Mansfield, OH 44903

*Farmer, P.J.*

{¶1}   On July 10, 2015, the Richland County Grand Jury indicted appellant, Carl Johnson, Jr., on six counts of trafficking (cocaine, heroin, and marijuana) in violation of R.C. 2925.03, three counts of drug possession (cocaine, heroin, and marijuana) in violation of R.C. 2925.11, and one count of having weapons while under disability in violation of R.C. 2923.13.   Said charges arose from controlled drug buys between appellant and a confidential informant on March 17, and 30, 2015, and May 27, 2015, and a subsequent search of appellant's apartment on May 28, 2015, via a search warrant.

{¶2}   On August 14, and September 4, 2015, appellant filed a motion to suppress and a supplemental motion to suppress.   Appellant sought to suppress the evidence seized from the apartment and his statements made to police officers.   A hearing was held on October 30, 2015.  By judgment entry filed November 10, 2015, the trial court denied the motion, upholding the search warrant and finding appellant had received his rights and had waived them

{¶3}   A jury trial commenced on November 30, 2015.   The jury found appellant guilty as charged.   By judgment entry filed December 4, 2015, the trial court merged some of the counts and sentenced appellant to a total aggregate term of twenty-four years in prison.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "MR. JOHNSON'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, SO THEY MUST BE REVERSED AND THE CASE REMANDED FOR A NEW TRIAL."

II

{¶6}   "THE TRIAL COURT ERRED BY FAILING TO SUPPRESS APPELLANT'S STATEMENTS, TO WHICH OFFICERS TESTIFIED DURING THE TRIAL, WHERE APPELLANT TESTIFIED THAT HE MADE THOSE STATEMENTS WITHOUT HAVING BEEN READ HIS MIRANDA WARNINGS AND WHERE APPELLANT WAS QUESTIONED BY LAW ENFORCEMENT WHILE UNDER DETENTION."

III

{¶7}   "DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE AS FOLLOWS: 1) THE STATE'S WITNESS, DURING CROSS-EXAMINATION, WAS PROMPTED BY DEFENSE TO READ APPELLANT'S INCULPATORY STATEMENTS INTO THE RECORD, VERBATIM, FROM THE OFFICER'S SUPPLEMENTAL NARRATIVE POLICE REPORT; 2) DEFENSE COUNSEL FAILED TO QUESTION THE CONFIDENTIAL INFORMANT AS TO WHETHER THE CONFIDENTIAL INFORMANT TAMPERED WITH THE EVIDENCE COLLECTED DURING CONTROLLED BUYS WHEN THE VALUE OF THE DRUGS SOLICITED WAS $100 BUT THE VALUE OF THE DRUGS COLLECTED WAS $20; 3) DEFENSE COUNSEL DID NOT MOVE FOR SPECIFIC DISCOVERY SEEKING TEXT MESSAGES BETWEEN THE STATE AND APPELLANT; 4) DEFENSE COUNSEL DID NOT QUESTION ANY OF THE STATE'S

WITNESSES CONCERNING TOUCH DNA OF THE FIREARM; 5) DEFENSE COUNSEL CONFUSED THE JURY AND UNDERMINED THE CREDIBILITY OF THE THEORY OF THE DEFENSE CASE DURING CLOSING ARGUMENT BY A) REFERENCING THAT THE CHILDREN IN HIS FAMILY THINK IT'S TIME FOR HIM TO QUIT PRACTICING LAW, B) COMPARING THE CONFIDENTIAL INFORMANT IN THE CASE TO JUDAS, BENEDICT ARNOLD AND MATA HARI, C) MAKING DISTRACTING LITERARY REFERENCES THROUGHOUT CLOSING ARGUMENT, D) INSINUATING THAT THE POLICE FABRICATED EVIDENCE WITHOUT ANY PROOF WHATSOEVER OF THE SAME, AND E) MOST SIGNIFICANTLY, BY TELLING THE JURY THAT THEY ARE MISSING EVIDENCE – THE VERY EVIDENCE THAT THE TRIAL JUDGE RULED WAS INADMISSIBLE – WHICH DREW AN OBJECTION BY THE STATE DURING CLOSING ARGUMENT."

I

{¶8} Appellant claims his convictions were against manifest weight of the evidence as the testimony of the confidential informant was not credible, and there was no proof that he was a resident of the searched premises. We disagree.

{¶9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the

evidence weighs heavily against the conviction." *Martin* at 175. We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259 (1991).

## COUNTS 1, 3, AND 8

{¶10} Appellant was convicted on Counts 1, 3, 8 of trafficking in cocaine, heroin, and marijuana in violation of R.C. 2925.03(A)(2) which states:

(A) No person shall knowingly do any of the following:

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

{¶11} These counts stem from the execution of the search warrant at 373 Jennings Avenue, Apartment C, Mansfield, Ohio. Numerous items found on the premises were items generally associated with drug trafficking. T. at 233-243, 246-248, 251-252, 330-349, 565-571. Appellant admitted to the police officers that he was the sole resident of the apartment, and his personal items were located throughout the

apartment.     T. at 244, 246-247, 303-304, 498-504; State's Exhibits 59 and 60. Appellant also sent a letter to a friend, Brianna Daniels, encouraging her to lie about where he lived.  T. at 620-621, 623; State's Exhibit 48.

### COUNTS 4, 5, AND 6

{¶12}  Appellant was convicted on Counts 4, 5, and 6 of trafficking in heroin in violation of R.C. 2925.03(A)(1) which states: "[n]o person shall knowingly do any of the following:***[s]ell or offer to sell a controlled substance or a controlled substance analog."

{¶13}  These counts stem from the controlled buys to the confidential informant, Bobbi Stone, on March 17, and 30, 2015, and May 27, 2015.  Appellant specifically challenges the informant's credibility.  Bobbi Stone testified to the procedures used for the controlled buys, and testified she purchased heroin from appellant on the aforementioned dates.  T. at 389-406, 410-421, 425-426, 441-447.  The telephone calls between appellant and Ms. Stone, as well as the controlled buys, were recorded, and the recordings were played to the jury.  State's Exhibits 32-34 and 63-66.  Each time, Ms. Stone identified appellant as the individual who sold her the heroin.  T. at 393, 403, 410, 414, 425-426; State's Exhibit 49.

{¶14}  Ms. Stone's testimony was corroborated by the police officers.  Mansfield Police Department Sergeant Steve Blust and Ashland Police Department Officer Brian Evans, both working for the Metrich Enforcement Unit, a drug task force, testified to the procedures used and to listening to and observing the telephone calls between appellant and Ms. Stone and monitoring the controlled buys between the two.  T. at 205-219, 223-226, 317-328.

## COUNT 10

{¶15} Appellant was convicted on Count 10 of having weapons under disability in violation of R.C. 2923.13(A)(3) which states:

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

{¶16} Appellant admitted to being the sole resident of the apartment. T. at 244. A firearm was found in a bedroom, and appellant's prior conviction for a felony drug trafficking offense was stipulated to in the record. T. at 249, 514-517, 529, 595-598; State's Exhibit 30.

{¶17} Upon review, we find sufficient credible evidence to support the convictions and find no manifest miscarriage of justice.

{¶18} Assignment of Error I is denied.

II

{¶19}  Appellant claims the trial court erred in denying his motion to suppress statements made to police officers, as the trial court erred in finding he was advised of his constitutional rights to remain silent and waived those rights.  We disagree.

{¶20}  There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger*.  As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶21} The gravamen of this assignment is whether there were sufficient credible facts to substantiate the trial court's decision that appellant received his *Miranda* warnings and waived them. In its November 10, 2015 judgment entry denying the motion to suppress, the trial court found the following:

As to the second issue. Detective Steven Blust and Detective Brian Evans both testified that the defendant was given his Miranda warnings and testified that the defendant indicates that he understood his rights prior to speaking to Detective Blust. The defendant testified and denied being read his Miranda warnings and denied saying anything incriminating to the officers. The court heard the testimony and finds Detective Blust and Detective Evans to be credible. Accordingly, the court finds that the defendant was given his Miranda warnings.

As to the issue of voluntariness of the defendant's statements the court finds those statements were given voluntarily by the defendant after considering a totality of the circumstances including, but not limited to, the age of the defendant, his prior criminal experience with law enforcement, the fact that he did not appear to be intoxicated or under the influence, and the lack of any evidence of threats, or physical deprivation or mistreatment by the officers.

{¶22} During the suppression hearing, both Sergeant Blust and Officer Evans testified appellant was read his *Miranda* rights, he acknowledged he understood them,

and he waived his rights as he was willing to talk to the officers.  October 30, 2015 T. at 6-8, 18-19, 22-27.  Appellant testified he was not read his rights, and he did not make any statements to the police officers other than stating he did not live in the apartment, he was on his way out to buy coffee, and he asked for a cigarette.  *Id.* at 33-35.  Appellant admitted he was not under the influence of anything, he did not have any problems understanding what people are saying to him, and he understood everything that was happening that day.  *Id.* at 34-35.

{¶23}  We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182 (1990).  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶24}  We find the testimonies of Sergeant Blust and Officer Evans support the trial court's conclusions.

{¶25}  Upon review, we find the trial court did not err in denying appellant's motion to suppress his statements to police officers.

{¶26}  Assignment of Error II is denied.

III

{¶27}  Appellant claims he was denied the effective assistance of trial counsel as his counsel caused appellant's inculpatory statements to be read into the record, failed to effectively cross-examine the informant on tampering with the controlled buys, failed to request discovery on text messages between appellant and the informant, failed to

question the lack of DNA evidence on the weapon, and failed to cohesively argue during closing argument.  We disagree.

{¶28}  The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
>
> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶29}  This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388 (1987).

INCULPATORY STATEMENTS

{¶30}  Appellant argues his counsel erred in causing his inculpatory statements to be read into the record by Sergeant Blust via his supplemental report.  On direct,

Sergeant Blust testified to observing cocaine and heroin being removed from appellant's person as "he was stuffing it down his butt." T. at 240-241, 242; State's Exhibit 17 and 18. On cross-examination, defense counsel questioned Sergeant Blust on this issue because of some discrepancies between his trial testimony and his testimony during the suppression hearing e.g., whether some drugs were removed from appellant's "butt" or from his pants as he tried to stuff a bag down his pants. T. at 273-279; October 30, 2015 T. at 6-7, 19. On recross-examination, defense counsel asked Sergeant Blust to read from his report regarding his observations of appellant and a large shopping bag he was attempting to stuff down his pants. T. at 310-311. It involved a legitimate discrepancy going to the witness's credibility. The reading of the report provided no new testimony to the case, as Sergeant Blust had already testified to appellant's statements therein. T. at 244.

CROSS-EXAMINATION ON TAMPERING

{¶31} Appellant argues his counsel failed to effectively cross-examine the informant on tampering with the controlled buys. It is important to note the actual transactions were recorded and played to the jury. State's Exhibits 32-34 and 63-66. Sergeant Blust, who prepared the informant for the buys and heard and observed the buys, testified to the procedures used during the controlled buys and the actual buys involving appellant and Ms. Stone. T. at 205-219, 223-226. Appellant also challenges the informant's credibility by claiming she was using "Craigslist" in a prostitution sting. A review of the record demonstrates defense counsel cross-examined Ms. Stone on this issue. T. at 437-438.

## DISCOVERY ON TEXT MESSAGES

{¶32} Appellant argues his counsel failed to request discovery on text messages between he and the informant. Evidence was presented that the text messages were not preserved. T. at 227.

## DNA ON THE WEAPON

{¶33} Appellant argues his counsel should have pursued the issue of DNA evidence on the firearm. Defense counsel cross-examined Sergeant Blust on the lack of any evidence testing on the firearm and any evidence as to ownership, as the firearm was discovered inside a purse. T. at 279, 282-283.

## CLOSING ARGUMENT

{¶34} Appellant argues his counsel did not present a cohesive closing argument. The defense theory of the case was that appellant was but a guest in Apartment C and he did not have any knowledge of the drugs and the firearm found in the apartment, and the informant gave contrived testimony. T. at 179. Defense counsel's closing argument centered on the basic premise of the defense's case e.g., the lack of credibility or forthrightness of the informant, an attack on Mansfield Police Officer Perry Wheeler collecting critical evidence when he arrived at the apartment a half-hour after the search had started, the issue of concealed drugs on appellant's person, and the lack of proof that appellant lived in Apartment C. T. at 714-718, 722-727, 728-729, 731-732, 734-735, 737-739.

{¶35} Defense counsel's reference to his discussion with his adult daughters resulted in his argument that he (defense counsel) was there "to try to do, the right thing." T. at 714.

{¶36} Upon review, we fail to find any deficiency by defense counsel as complained herein.

{¶37} Assignment of Error III is denied.

{¶38} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Delaney, J. concur.

SGF/sg 811